Case 1:21-cv-00163-JPH-TAB   Document 1-1   Filed 01/20/21   Page 1 of 8 PageID #: 7

Filed: 12/17/2020 1:00 PM
Clerk
Marion County, Indiana

| STATE OF INDIANA | ) | MARION COUNTY SUPERIOR COURT |
|---|---|---|
|  | ) SS: | CIVIL DIVISION 5 |
| COUNTY OF MARION | ) | CAUSE NO. 49D05-2006-CT-019453 |

ANGELA JONES, as Special )
Administrator of the ESTATE OF )
SUZANNE ANDERSON, )
                                )
    Plaintiff,                 )
                                )
v.                               )    JURY TRIAL DEMANDED
                                )
THOMAS B. RADEY, WAL-MART )
TRANSPORTATION, LLC, )
WAL-MART STORES EAST, INC., )
WAL-MART STORES EAST, LP, )
WAL-MART REAL ESTATE )
BUSINESS TRUST, WAL-MART )
INC., and GREENCASTLE )
WALMART SUPERCENTER #902, )
                                )
    Defendants.            )

## FIRST AMENDED
## COMPLAINT FOR WRONGFUL DEATH

    Angela Jones, as Special Administrator of the Estate Suzanne Anderson, by counsel, for her Complaint for Damages against Defendants Thomas B. Radey, Wal-Mart Transportation, LLC, Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Wal-Mart Real Estate Business Trust, Wal-Mart Inc., and Greencastle Walmart Supercenter #902, respectfully alleges and states as follows:

### Parties

    1.    On information and belief, Thomas B. Radey ("Radey") is a citizen, resident, and domiciliary of the state of Texas.

**Exhibit "A"**

2. Defendant Wal-Mart Transportation, LLC is a Delaware limited liability company with its principal office located in Bentonville, Arkansas.

3. Wal-Mart Transportation, LLC's registered agent for service in the state of Indiana is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN, 46204.

4. Wal-Mart Transportation, LLC is a correct legal entity to defend the allegations of this Complaint.

5. Defendant Wal-Mart Stores East, Inc. is an Arkansas for-profit corporation with its principal office located in Bentonville, Arkansas.

6. Wal-Mart Stores East, Inc.'s registered agent for service in the state of Indiana is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN, 46204.

7. Wal-Mart Stores East, Inc. is a correct legal entity to defend the allegations of this Complaint.

8. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its principal office located in Bentonville, Arkansas.

9. Wal-Mart Stores East, LP's registered agent for service in the state of Indiana is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN, 46204.

10. Wal-Mart Stores East, LP is a correct legal entity to defend the allegations of this Complaint.

11. Defendant Wal-Mart Real Estate Business Trust is a Delaware business trust with its principal office located in Bentonville, Arkansas.

12. Wal-Mart Real Estate Business Trust's registered agent for service in the state of Indiana is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN, 46204.

13. Wal-Mart Real Estate Business Trust is a correct legal entity to defend the allegations of this Complaint.

14. Defendant Wal-Mart Inc. is a Delaware for-profit corporation with its principal office located in Bentonville, Arkansas.

15. Wal-Mart Inc.'s registered agent for service in the state of Indiana is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN, 46204.

16. Wal-Mart Inc. is a correct legal entity to defend the allegations of this Complaint.

17. Defendant Greencastle Walmart Supercenter #902 is a business entity operated at or near 1750 Indianapolis Rd., Greencastle, IN 46135.

18. Wal-Mart Transportation, LLC, Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Wal-Mart Real Estate Business Trust, Wal-Mart Inc., and Greencastle Walmart Supercenter #902 are collectively referred to herein as "Walmart."

19. At the time of her death and the time of the circumstances giving rise to this action, Suzanne Anderson was a citizen and resident of the state of Indiana.

20. The Estate of Suzanne Anderson (the "Estate") was opened and administered by the Putnam County Circuit Court under cause number 67C01-1902-ES-6, and Angela Jones is the duly appointed Special Administrator of the Estate.

## Jurisdiction & Preferred Venue

21. This Court has jurisdiction over the Plaintiff because the decedent and the Estate were and are subject to the general jurisdiction of Indiana courts, and the Plaintiff and Estate otherwise consent to jurisdiction of Indiana state courts.

22. This Court has jurisdiction over Radey because he knowingly operated a vehicle in the state of Indiana and his conduct resulted in a collision occurring in the state of Indiana that is the underlying basis for this litigation.

23. This Court has jurisdiction over Walmart because it contracted for services to be conducted within the state of Indiana and because it regularly transacts business in the state of Indiana.

24. Preferred venue is proper in this Court in accordance with Ind. Trial Rule 75(A)(4) because two of the original Defendants, Celadon Group Inc. and Celadon Trucking Services, Inc., which were dismissed with prejudice by stipulation, are organizations with principal offices located in this county.

## Factual Background

25. On or about February 2, 2019, Suzanne Anderson was killed when the vehicle she was driving collided with a tractor and trailer operated by Radey.

26. Shortly before colliding with Suzanne Anderson, Radey along with his tractor and trailer was on the premises of the Greencastle Walmart Supercenter #902 is a business entity operated at or near 1750 Indianapolis Rd., Greencastle, IN 46135.

27. While on the premises of the Greencastle Walmart Supercenter #902 is a business entity operated at or near 1750 Indianapolis Rd., Greencastle, IN 46135, Radey was under the control, supervision, and subject to the direction of Walmart.

28. The collision was the direct and proximate result of Defendants' conduct.

29. The trailer operated by Radey was owned, leased, and/or controlled by Walmart.

30. At the time of the collision Radey was an agent of Walmart operating within the course and scope of his agency with Walmart and/or as the ostensible/apparent agent of Walmart.

31. Walmart operates the Greencastle Walmart Supercenter #902 located at or near 1750 Indianapolis Rd., Greencastle, IN 46135.

## Causes of Action

32. The following is a non-exhaustive list of causes of action supported by the facts of this case. *ARC Constr. Mgmt., LLC v. Zelenak*, 962 N.E.2d 692, 697 (Ind. Ct. App. 2012) ("Under Indiana's notice pleading system, a pleading need not adopt a specific legal theory of recovery to be adhered to throughout the case."); *see also Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error."); *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999) ("We have consistently held that plaintiffs are not required to plead legal theories. While a plaintiff may plead facts that show she has no claim, she cannot plead herself out of

court by citing to the wrong legal theory or failing to cite any theory at all." (citations omitted)). These causes of action shall not in any way limit the legal bases for liability or recovery in this case.

## Wrongful Death

33. Plaintiff incorporates by reference all allegations in this Complaint as if fully set forth below.

34. The Defendants owed a duty to Suzanne Anderson and other drivers to conduct themselves in a reasonably safe manner to avoid posing an unreasonable or unnecessary risk to Suzanne Anderson and other drivers.

35. The Defendants breached this duty by, *inter alia*, departing the Wal-Mart loading dock in a tractor-trailer when dense fog was present that reduced visibility.

36. The conduct of the Defendants directly and proximately caused the death of Suzanne Anderson.

37. Radey is liable for his conduct that directly and proximately caused the death of Suzanne Anderson.

38. Walmart is liable for the conduct of Radey and/or its own conduct that directly and proximately caused the death of Suzanne Anderson.

39. As a direct and proximate result of the circumstances described herein, one or more persons have suffered the loss of Suzanne Anderson's love and companionship.

40.     As a direct and proximate result of the circumstances described herein, the Estate has suffered medical, hospital, funeral, and burial expenses.

41.     As a direct and proximate result of the circumstances described herein, the Estate has incurred costs and expenses of administration, including attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Angela Jones as Special Administrator of the Estate Suzanne Anderson, prays for judgment against Defendants Thomas B. Radey and Wal-Mart Transportation, LLC in an amount that will fairly compensate for the losses and damages she and the Estate have and will sustain as a result of Defendants' actions, for attorneys' fees and costs, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully demands a jury trial on all claims.

Respectfully submitted,

*/s/ Eric S. Pavlack*
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
Lance R. Ladendorf, #30721-49
PAVLACK LAW, LLC
50 E. 91st St., Ste. 317
Indianapolis, IN 46240
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*
*Lance@PavlackLawFirm.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on the following via

First Class Mail December 17, 2020:

    Thomas B. Radey
    170 Linton Downs Place
    The Woodlands, TX 77382

                                            */s/ Eric S. Pavlack*
                                            Eric S. Pavlack