# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA JONES, as Special Administrator of the ESTATE OF SUZANNE ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS B. RADEY and WAL-MART TRANSPORTATION, LLC<br><br>    Defendants. | CASE NO. 1:21-cv-00163-JPH-TAB<br><br>District Judge<br>Hon. James Patrick Hanlon<br><br>Magistrate Judge<br>Hon. Tim A. Baker |

## MOTION FOR ENTRY OF DEFAULT
## FINAL JUDGMENT AGAINST THOMAS B. RADEY

Plaintiff, by counsel, pursuant to Federal Rule of Civil Procedure 55(b)(2), respectfully requests that the Court enter judgment against Defendant Thomas B. Radey and set a hearing to determine damages that should be awarded against Thomas B. Radey and in favor of Plaintiff. In support, Plaintiff states:

### Procedural History

1. This action was commenced on June 15, 2020 in the Marion Superior Court, Civil Division 5 as an action against Celadon Group, Inc., Celadon Trucking Services, Inc., and Thomas B. Radey. [ECF 1-3 at 7].

2. At that time, a summons was issued for Defendant Thomas B. Radey. [*Id.* at 24]. Service was perfected on Radey on June 22, 2020. [*Id.* at 26].

3. On December 17, 2020, Celadon Group, Inc., Celadon Trucking

Services, Inc. were dismissed by stipulation. [*Id*. at 96].

4. On the same date, because no Defendant had appeared, in accordance with Indiana Trial Rule 15(A), Plaintiff filed the First Amended Complaint for Wrongful Death. [ECF 1-1]; [ECF 32-1 at 10–17].

5. That First Amended Complaint for Wrongful Death added Wal-Mart Transportation, LLC and various other related corporate entities as Defendants. [*Id*.].[1]

6. The First Amended Complaint for Wrongful Death was served on Defendant Thomas B. Radey via United States first-class mail in accordance with Indiana Trial Rule 5(B)(2) and memorialized via certificate of service in accordance with Indiana Trial Rule 5(C). [ECF 1-1 at 8]; [ECF 32-1 at 17].

7. On January 20, 2021, Wal-Mart Transportation, LLC removed the action to this Court. [ECF 1]. A copy of the notice of removal was served on Defendant Radey. [*Id*. at 6].

8. At no point has Defendant Radey appeared.

## Argument

9. With regard to default proceedings, the Seventh Circuit has explained:

> "[T]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." This two-step process is clearly outlined in Rule 55(a) (entry of default) and Rule 55(b) (default judgment) of the Federal Rules of Civil Procedure. The basic effect of an entry of default (step one) is that "[u]pon default, the well-pleaded

---

[1] On January 19, 2021, via stipulation, all Wal-Mart entities were dismissed other than Wal-Mart Transportation, LLC. [ECF 1-3 at 123].

allegations of a complaint relating to liability are taken as true." The defaulting party cannot contest the fact of his liability unless the entry of default is vacated under Rule 55(c).

*VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

10. **Default Judgment is Appropriate:**

"[T]o procure a default judgment under Rule 55(b)(2), a party must establish the following: (1) when and against what party the default was entered; (2) identification of the pleading as to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military service and thus not protected by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C. § 501 et seq.; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2).

*Anderson v. Specified Credit Ass'n*, No. 11-53-GPM, 2011 U.S. Dist. LEXIS 62410, at *3–4, 2011 WL 2414867 (S.D. Ill. June 10, 2011).

11. Default was entered against Thomas B. Radey on December 10, 2021. [ECF 33].

12. As explained in detail in Plaintiff's Second Motion for Entry of Default Against Thomas B. Radey, [ECF 32], default was entered against Thomas B. Radey for failure to appear and answer or otherwise plead in response to the First Amended Complaint for Wrongful Death. [ECF 1-2].

13. Thomas B. Radey is neither an infant nor an incompetent person. [ECF 32-1 at ¶ 11. He is also not believed to be in military service. [*Id.*].

14. Because Thomas B. Radey has not appeared, no additional service is required prior to entry of default judgment.

15. Because Thomas B. Radey has failed to appear and answer the First

Amended Complaint for Wrongful eath, the Court should enter default judgment against him in an amount to be determined at a hearing.

WHEREFORE, Plaintiff, by counsel, pursuant to Federal Rule of Civil Procedure 55, respectfully requests that the Court enter judgment against Defendant Thomas B. Radey and set a hearing to determine damages that should be awarded against Thomas B. Radey and in favor of Plaintiff.

Respectfully submitted,

*/s/ Colin E. Flora*
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
PAVLACK LAW, LLC
50 E. 91st St., Ste. 305
Indianapolis, IN 46240
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*

## **CERTIFICATE OF SERVICE**

I certify that on December 10, 2021, a copy of the foregoing was served via United States first class mail on the following party that has not appeared:

Thomas B. Radey
170 Linton Downs Place
The Woodlands, TX 77382

*/s/ Colin E. Flora*
Colin E. Flora