UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA JONES as Special Administrator of the Estate of Suzanne Anderson, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:21-cv-00163-JPH-TAB ) |
| THOMAS B. RADEY, | ) ) ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO SET ASIDE ENTRY OF DEFAULT AND ORDERING STEVEN LOVERN AND THOMAS RADEY TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS ON EACH OF THEM**

The Estate of Suzanne Anderson alleges that Thomas Radey's negligent operation of his truck caused a traffic accident that resulted in Ms. Anderson's death. After Mr. Radey failed to appear, the Clerk entered an entry of default. Counsel for Mr. Radey entered an appearance and now seeks to have the entry of default vacated. For the reasons that follow, Mr. Radey's motion for relief from the entry of default is **DENIED**, and Mr. Radey and his counsel are **ORDERED** to show cause why the Court should not impose sanctions on each of them.

**I.
Background Facts**

Angela Jones filed this lawsuit as Special Administrator of the Estate of Suzanne Anderson alleging that Thomas Radey's negligent operation of his truck caused a traffic accident that resulted in Ms. Anderson's death. Dkt. 1-

1

1. Defendants[1] removed this case from Marion County Superior Court. Dkt. 1. After Mr. Radey failed to appear, the Clerk granted the Estate's motion for default judgment against Mr. Radey. Dkt. 33. Plaintiff's counsel then filed a motion for default judgment, dkt. 34, which remains pending. A damages hearing was scheduled for April 13, 2022—but one week before that date, counsel for Mr. Radey filed a notice of appearance, dkt. 38, and a motion to vacate the damages hearing, dkt. 39.

In that motion, Mr. Radey argued that he was never properly served and did not have notice of the lawsuit until after default was entered against him. *Id.* To allow Mr. Radey the opportunity to file a motion to set aside the entry of default, the Court vacated the damages hearing and set a briefing schedule. Dkt. 40. Mr. Radey has filed a motion to set aside default, dkt. 41,[2] and Plaintiff's counsel has responded, dkt. 44.

## II.
## Applicable Law

Under Federal Rule of Civil Procedure 55(c), the "court may set aside an entry of default for good cause." Because Mr. Radey moved to set aside the entry of default before the Court entered a final judgment, the Court evaluates his motion under Rule 55(c)'s more "lenient standards." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). To succeed in vacating an entry of

---

[1] Wal-Mart Inc. and various Wal-Mart sub-entities were also named as defendants, dkt. 1-1, but have resolved the claims brought against them, dkts. 27, 28.

[2] Mr. Radey's motion was improperly styled a "Motion to Set Aside Judgement," even though there has only been an entry of default, dkt. 33, not a default judgment. *See* Fed. R. Civ. P. 55(a), (b).

default under those standards, "the defendant must show (1) good cause for [his] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020). The Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).

### III.
### Analysis

Mr. Radey argues that the entry of default should be set aside because "he was not served any notice of the Complaint by the Plaintiff." Dkt. 41 ¶ 2. In support of his motion, Mr. Radey submitted a sworn affidavit attesting that: (1) he did not live in Texas and was not physically present in Texas on the date the initial complaint was served; (2) he was a resident of Florida on the date of service; (3) the signature on the Return of Service is not his; and (4) he "had no knowledge of a lawsuit being filed against [him] by the Plaintiff prior to when [he] was defaulted on December 10, 2021." Dkt. 41-1 at 1 (Radey Aff.).

Plaintiff's counsel responds that the Estate's service on Mr. Radey substantially complied with Indiana's service requirements, Mr. Radey has not presented good cause for his default, and Mr. Radey did not take quick action to correct it. Dkt. 44 at 1–2. Mr. Radey's motion is not accompanied by a brief, and he did not file a reply to Plaintiff's response. He has cited no legal authority in support of the relief requested and the Court will not make arguments for him. *See Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335

(7th Cir. 1995) ("The federal courts will not invent legal arguments for litigants.").

Before a court can set aside an entry of default, a defendant must show "good cause" for his default. *Arwa Chiropractic*, 961 F.3d at 949. A defendant may show good cause through "mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, . . . or any other reason that justifies relief." *Id.* at 948. Here, Mr. Radey claims that "he was not served any notice of the Complaint by the Plaintiff." Dkt. 41 ¶ 2. Plaintiff's counsel responds that Mr. Radey was properly served under the Indiana Rules of Trial Procedure and that he had actual knowledge of the initial complaint within five days of its filing. *See* Dkt. 44 (citing dkt. 41-1 at 1 (Radey Aff. ¶ 6); dkt. 44-3 at 2 (Def.'s Resp. to Pl.'s Interrogs. at Answer 4)).

"In determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made." *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986). The Indiana Rules of Trial Procedure state that service on individuals may be effectuated by "sending a copy of the summons and complaint by . . . certified mail." Ind. T.R. 4.1(A)(1). Additionally, "[n]o summons or the service thereof shall be adjudged insufficient when either is reasonably calculated to inform the person to be served." *Id.* at 4.15(F). Actual notice "is strong evidence that [service] attempts were 'reasonably calculated to inform'" the person to be served. *Reed Sign Svc., Inc. v. Reid*, 755 N.E.2d 690, 696 n.5 (Ind. Ct. App. 2001). Additionally, Indiana courts apply a substantial compliance rule, meaning that a technical

4

violation does not necessarily defeat a trial court's jurisdiction.  *See Barrow v. Pennington*, 700 N.E.2d 477, 479 (Ind. Ct. App. 1998).

Here, on June 19, 2020, the summons and complaint were delivered by certified mail to the Texas address that was on Mr. Radey's commercial driver's license and that was on the police report regarding the accident. Dkt. 30-1 (Decl. of Service); dkt. 44-1 at 3; dkt. 44-6.  This was also repeated after Plaintiff filed its amended complaint.  Dkt. 32 at 2–3.  Therefore, the Estate properly served Mr. Radey under the Indiana Trial Rules by sending the appropriate documents through certified mail in a manner "reasonably calculated" to inform Mr. Radey.  *See* Ind. T.R. 4.1(A)(1); *Wall-Beer v. Eagle Contracting, Inc.*, 188 N.E.3d 926 (Ind. Ct. App. 2022) (finding service by certified mail satisfies the Rule, regardless of whether there is a connection between the signer and the intended recipient).

Moreover, Mr. Radey's own actions and statements show that he had actual knowledge of the litigation many months before the Estate filed the motion for entry of default.  *See Reed Sign Svc., Inc.*, 755 N.E.2d at 696 n.5 (noting that actual knowledge is strong evidence that service was "reasonably calculated to inform" the person).  On June 20, 2020, the day after service of the initial complaint, Mr. Radey received "lawsuit paperwork" from his brother. Dkt. 44-3 at 2 (Def.'s Resp. to Pl.'s Interrogs. at Answer 4).  On July 7, 2020, Mr. Radey reached out to a representative from AON Insurance Company about the complaint to discuss "the accident and possible insurance coverage."  *Id.* (Def.'s Resp. to Pl.'s Interrogs. at Answer 3).  Contemporaneous records confirm

5

this: the insurance representative emailed Plaintiff's counsel in July 2020, stating that "Mr. Radey has been calling my office regarding the complaint, in fear he may have a default judgment entered against him." Dkt. 44-2 at 1 (Davis Email at 1).

Yet Mr. Radey took no action in this case for nearly a year and a half, and so, on December 10, 2021, the Clerk granted the Estate's motion for default against him. Dkt. 33. Mr. Radey has not shown "good cause," and is not entitled to have entry of default set aside.

Even if Mr. Radey had shown good cause, he did not take "quick action" as required to have the default entry vacated. More than four months passed from the Clerk's entry of default, dkt. 33, to Mr. Radey's motion to set aside, dkt. 41. *See Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 861 (7th Cir. 2016) (stating that "quick action" is measured by the time between entry of default and the motion to vacate). This is past the outer bounds that courts have found to be "quick action." *See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (finding that "quick action" depends on the "particular circumstances" of the defendant and holding that five weeks, in that case, is not "quick action"); *see also, e.g., Tygris Asset Fin., Inc. v. Szollas*, No. 09 C 4488, 2010 WL 2610652, at *3 (N.D. Ill. June 21, 2010) (citing cases with courts finding no "quick action" when motions to vacate filed anywhere from three months to three weeks after entry).[3]

---

[3] Because Mr. Radey has failed to show "good cause" for default or "quick action" to correct it, the Court does not need to address whether he has a meritorious defense. *See Arwa Chiropractic, P.C.,* 961 F.3d at 949.

6

The Court recognizes that denial of a motion to set aside entry of default is not the norm under the applicable "lenient standards," *Cracco*, 559 F.3d at 631. But having taken all the facts and circumstances into account, the Court concludes that Mr. Radey has not shown good cause and therefore this result is appropriate. *See, e.g.*, *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45, 47 (7th Cir. 1994) (affirming district court's denial of motion to set aside default when defendant demonstrated "no good cause" for its default).

Last, the Estate alleges that Mr. Radey made false statements in some of the filings in this case and that his counsel, Steven Lovern, knew of the false statements yet took no responsive action even after the Estate's counsel brought this issue to Mr. Lovern's attention and asked him to withdraw the motion or correct the record. Dkt. 44 at 4–6. The Estate's allegations appear to be supported by the evidentiary record before the Court. Mr. Lovern and Mr. Radey are therefore **ORDERED TO SHOW CAUSE** no later than **October 11, 2022**, why the Court should not make factual findings based on the record currently before it and impose sanctions on each of them. *See* Fed. R. Civ. P. 11(c); *Fuery v. City of Chicago*, 900 F.3d 450 (7th Cir. 2018).

## IV.
## Conclusion

Mr. Radey's motion to set aside the entry of default is **DENIED**. Dkt. [41]. The damages hearing for this case will be rescheduled by separate order. Mr. Lovern and Mr. Radey are **ORDERED TO SHOW CAUSE** no later than

7

**October 11, 2022**, why the Court should not impose sanctions. Magistrate Judge Baker is asked to hold a status conference to discuss settlement and readiness for the damages hearing.

**SO ORDERED.**

Date: 9/26/2022

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Colin E. Flora
PAVLACK LAW, LLC
Colin@PavlackLawFirm.com

Lance R. Ladendorf
PAVLACK LAW, LLC
Lance@PavlackLawFirm.com

Steven S. Lovern
LAW OFFICE OF STEVEN LOVERN
lovernlaw@aol.com

Eric S. Pavlack
PAVLACK LAW, LLC
eric@pavlacklawfirm.com

Lesley A. Pfleging
LEWIS WAGNER, LLP
lpfleging@lewiswagner.com