UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELA JONES, as Special Administrator of the Estate of Suzanne Anderson, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:21-cv-00163-JPH-TAB |
| THOMAS B. RADEY, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON STIPULATION TO AGREED FINAL JUDGMENT**

The parties have filed a document titled, "Stipulation To Agreed Final Judgment," setting forth the terms of their agreed settlement and disposition of Plaintiff's claims. Dkts. 55, 56. The Stipulation To Agreed Final Judgment includes an agreed judgment against Defendant Thomas Radey in the amount of $333,448. Dkt. 56 at 2–3. The terms of the parties' agreement provides that Mr. Radey shall make a one-time payment of $10,000, and thereafter make weekly payments of $100 until the entire judgment is fully paid. *Id.* at 3. Along with the Stipulation To Agreed Final Judgment, the parties have filed a proposed order titled, "Final Judgment." Dkt. 56-1. The Final Judgment contemplates the Court having continuing jurisdiction over this matter until the entire judgment has been satisfied, that is, until Mr. Radey has paid the entire $333,448.

No matter what the parties call it, "a court order that embodies the terms agreed upon by the parties as a compromise to litigation" is a consent decree or

consent judgment. *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002).[1] Instead of terminating a case through the dismissal of a plaintiff's claims, a consent decree gives the Court jurisdiction to supervise the terms of the agreement through its contempt power. *See Kasper v. Bd. of Election Comm'rs of the City of Chi.*, 814 F.2d 332, 338 (7th Cir. 1987); *see also Metro. Life Ins. Co. v. Hanni*, No. 1:17-CV-80-TLS, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017) (stating that consent decrees "extend the Court's equitable jurisdiction to the enforcement of the terms of the parties' contract—however long that may take.").

But a "federal court is more than a recorder of contracts," and a district court should not enter a consent decree whenever it "strikes two parties' fancy." *Kasper*, 814 F.2d at 338. Instead, "litigants wishing the Court to issue a consent [decree] must argue why the [decree] should issue, and cannot expect the Court unreflectively to endorse their agreement with the full authority of the federal judiciary." *Metro Life Ins.*, 2017 WL 6805318, at *2 (citing *NLRB v. Brooke Indus, Inc.*, 867 F.2d 43, 436 (7th Cir. 1989)). "Before entering a consent decree the judge must satisfy himself that the decree is . . . an appropriate commitment of the court's limited resources." *Kasper*, 814 F.2d at 338; *see In re Mem'l Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988) ("[W]hen the litigants wish to enter a consent decree, to use the office of the court, the judge does not automatically approve but must ensure that the

---

[1] "There is no apparent distinction between a 'stipulated judgment,' on the one hand, and what is called a 'consent decree' or a 'consent judgment,' on the other." *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 296 F. Supp. 3d 959, 968 n.4 (S.D. Ind. 2017).

agreement is an appropriate commitment of judicial time and complies with legal norms.")

Here, under the terms of the parties' agreement, after making the initial $10,000 payment, Mr. Radey is required to pay the remaining $323,448 of the judgment in weekly $100 increments. Dkt. 56 at 3. This would extend the Court's equitable jurisdiction over this case for more than 62 years, yet the parties offer no explanation as to why this consent decree would be an "appropriate commitment of the court's limited resources." *Kasper*, 814 F.2d at 338. Nor do the parties explain why a consent decree is preferable here to a simple stipulated dismissal. *See, e.g., Duncanson v. Wnc of Cincinnati LLC*, No. 1:16-cv-788-SEB-DML, 2020 WL 4043175, at *2 (S.D. Ind. July 17, 2020).

The parties have until **March 10, 2023, to show cause** why their stipulated judgment, dkt. 56, should not be stricken and this case dismissed with prejudice, with enforcement of the settlement agreement to be achieved, if necessary, with a breach-of-contract action. *See Jones v. Assoc. of Flight Attendants–CWA*, 778 F.3d 571, 573 (7th Cir. 2015). If the parties do not respond to this order, this case will be dismissed with prejudice and the Court will not retain jurisdiction.

**SO ORDERED.**

Date: 2/28/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel